UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROLANDO REYES,

                Plaintiff,

  -against-

P.O.P. DISPLAYS, INC.

                Defendant.
-----------------------------------------------------------------X

MEMORANDUM & ORDER

02 CV 6322 (NGG) (LB)

GARAUFIS, United States District Judge.

On March 24, 2005, I issued a Memorandum and Order which granted in part and denied in part the motion for summary judgment filed by defendant P.O.P. Displays, Inc. ("P.O.P.") P.O.P. now moves pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) for permission to file a supplemental brief setting forth a legitimate, non-discriminatory reason for not promoting plaintiff Rolando Reyes as an affirmative defense to Reyes' failure to promote claim. P.O.P. did not set forth any such rationale for denying Reyes a promotion in its original summary judgment papers. P.O.P. now argues that this failure constitutes "excusable neglect" stemming from the fact that Reyes' claims "were submitted in a bundle of handwritten, nearly illegible, papers that made deciphering the information asserted and then linking it to the relevant claims almost impossible." (Def. Reconsideration Motion at 7). P.O.P.'s motion for reconsideration is hereby denied because P.O.P.'s negligence in failing to raise an obvious affirmative defense does not constitute "excusable neglect" or otherwise provide an equitable basis for allowing P.O.P. to

reopen a settled issue in this litigation.[1]

P.O.P.'s proposed justification for its failure to raise a well-established affirmative defense to Reyes' promotion claim is utterly frivolous. This court is quite familiar with *pro se* filings, and recognizes that there are cases in which it is extremely difficult for an adverse party to identify all of a *pro se* plaintiff's claims. I therefore accept that there might be a case where equity would demand that a defendant be granted a litigation mulligan so that he can move for summary judgment on a claim that escaped his attention despite his diligent efforts to address all of the plaintiff's claims. That is not this case, however.

Here, P.O.P. obviously recognized that Reyes had raised a promotion claim and moved for summary judgment as to that claim. (Def. Br. at 10-11). Additionally, portions of the affidavits submitted in support of summary judgment clearly were intended to address Reyes' promotion claim. See Katcher Aff. ¶ 21; Outar Aff. ¶ 13; Ramlachan Aff. ¶ 15 (all averring that Reyes never asked to be promoted). Moreover, P.O.P. cited numerous cases in its moving papers which laid out the familiar Title VII burden-shifting analysis adopted by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). Under this long-established standard, it is clear that an employer may come forward with a legitimate non-discriminatory reason for having taken an adverse employment action to rebut an employee's prima facie case. Yet, P.O.P. did not supply

---

[1] P.O.P. has styled the instant application as a motion under Rule 59(e) and/or Rule 60(b). However, it is doubtful that either Rule governs the instant request because this court's partial grant of P.O.P.'s summary judgment motion does not constitute a final judgment. Accordingly, this application is properly understood as a motion for reconsideration pursuant to this court's inherent equitable powers. Nonetheless, I consider Rule 59(e)'s excusable neglect principle to be an appropriate indicator of the manner in which courts generally should consider motions such as the one now before this court.

2

this court with such a proposed affirmative defense for <u>any</u> of Reyes' claims.

With all of this before me, I am confident that the state of Reyes' papers had no bearing on P.O.P.'s failure to present a more comprehensive defense to Reyes' promotion claim. As such, the only relevant questions are: (1) whether P.O.P's sheer negligence in preparing its summary judgment papers is excusable; and (2) if so, whether a weighing of the equities indicates that P.O.P. should be permitted to raise an affirmative defense at this stage that it could have, and should have, raised months ago in its original moving papers.

The answer to the first question is self-evident, and as such, P.O.P.'s request must be denied. P.O.P. either made a calculated gamble that it was unnecessary to present a secondary defense because Reyes would not be able to establish a *prima facie* case as to any of his claims, somehow failed to comprehend that employers can offer justifications for adverse employment actions taken against employees at the summary judgment stage, or just forgot to complete its defense. Whether P.O.P.'s failure resulted from tactical error or sheer blunder, the result is the same: P.O.P. is not entitled to a second opportunity to litigate this summary judgment issue where nothing but the defendant's own oversight prevented P.O.P. from raising its affirmative defense the first time around.

P.O.P. has not cited a single case in which a court has found that a party's simple failure to raise a claim or defense in a dispositive motion constitutes excusable neglect or otherwise provides an equitable basis for allowing a party to relitigate an issue. This court has also failed to discover any precedent that would support P.O.P's application. To the contrary, courts routinely deny litigants who failed to present evidence or arguments in support of their claims a second opportunity to make or defend against a summary judgment motion. <u>See, e.g.</u>, <u>Anthony v. City</u>

of New York, No. 00 Civ. 4688, 2002 U.S. Dist. LEXIS 7189, at * 13 (S.D.N.Y. Apr. 25, 2002); Lopez v. Orrick Herrington & Sutcliffe, No. 97 Civ. 0357, 1998 U.S. Dist. LEXIS 16057, at *2 (S.D.N.Y. Oct. 13, 1998).  It is also well-established that carelessness is not a sufficient reason to grant such an application.  See, e.g., Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); 11 Wright Miller & Kane, Federal Practice and Procedure § 2858 (2d ed. 1995).  Accordingly, this court declines to relieve P.O.P. of this burden of its own making.  P.O.P.'s request for permission to provide supplemental briefing as to its purportedly legitimate, non-discriminatory reason for not promoting Reyes is DENIED.

SO ORDERED.

Dated: April 19, 2005  \_\_\_\_\_/s/_____
      Brooklyn, N.Y.  Nicholas G. Garaufis
                        United States District Judge